JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation | AMERICAN INTERNATIONAL GROUP, INC. , a Delaware corporation |

| (b) County of Residence of First Listed Plaintiff  **Marin County, California**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>Harvey Siskind LLP<br>D. Peter Harvey and Matthew A. Stratton<br>Four Embarcadero Center, 39th Floor, San Francisco, CA 94111<br>Tel: 415-354-0100  Fax: 415-391-7124 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III.)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

15 U.S.C. § 1114; 15 U.S.C. § 1125(a)

Brief description of cause:

Federal trademark infringement; Federal unfair competition; related California state law claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE  7/3/08

SIGNATURE OF ATTORNEY OF RECORD

HARVEY SISKIND LLP
D. PETER HARVEY (State Bar No. 55712)
pharvey@harveysiskind.com
MATTHEW A. STRATTON (State Bar No. 254080)
mstratton@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P
WILLIAM D. RAMAN (*pro hac vice* pending)
braman@counselip.com
221 W. 6th Street, Suite 950
Austin, Texas 78701
Telephone:  (512) 473-2550
Facsimile:  (512) 473-2555

WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P
JOHN CAIN (*pro hac vice* pending)
jcain@counselip.com
20333 State Highway 249, Suite 600
Houston, Texas 77070
Telephone:     (832) 446-2400
Facsimile:     (832) 446-2424

Attorneys for Plaintiff,
FIREMAN'S FUND INSURANCE COMPANY

FILED

08 JUL -3  PM 12: 57

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation,<br><br>            Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.,  a Delaware corporation,<br><br>            Defendant. | Case No. CV 08 3229 EDL<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

1    The Complaint of Fireman's Fund Insurance Company (hereinafter "FFIC" or "Plaintiff"),

2    appearing herein through the undersigned counsel, represents to the Court as follows:

3                                **PARTIES**

4    1.    Plaintiff FFIC is a California corporation having an address of 777 San Marin Drive,

5    Novato, California 94998.

6    2.    Defendant, American International Group, Inc. (hereinafter "AIG" or "Defendant") is,

7    upon information and belief, a Delaware corporation having an address of 70 Pine Street, New York,

8    New York 10270.

9            **NATURE OF THE ACTION; JURISDICTION AND VENUE**

10    3.    This is an action for trademark infringement and unfair competition under the Lanham

11    Act, 15 U.S.C. §§ 1051 et seq., particularly under Sections 32(1) and 43(a) of the Lanham Act, as

12    amended, 15 U.S.C. §§ 1114(1) and 1125(a); for statutory unfair competition under Cal. Bus. & Prof.

13    Code §17200; and for common law unfair competition under the common law of the State of

14    California.

15    4.    This Court has jurisdiction over this cause of action under the Lanham Act, as

16    amended, 15 U.S.C. §§ 1121 and 1125(a), and under the Judicial Code of the United States, 28

17    U.S.C. §§ 1332 and 1338(a) and (b).    There is also diversity of citizenship, and the amount in

18    controversy exceeds $75,000. On information and belief, Defendant is doing business in this judicial

19    district.

20    5.    Venue is proper in the Northern District of California pursuant to 18 U.S.C. §1391(b)

21    and (c).    Plaintiff is informed and believes, and on that basis alleges, that AIG transacts or has

22    transacted business in the judicial district and may be otherwise found here, and a substantial part of

23    the events, omissions and injuries giving rise to Plaintiff's claims occurred in this judicial district.

24                        **INTRADISTRICT ASSIGNMENT**

25    6.    This is an intellectual property action and therefore shall be assigned on a district-

26    wide basis per Civil L.R. 3-2(c).

27

28

1   **PLAINTIFF, ITS BUSINESS, AND ITS GLOBAL AMBASSADOR MARK**

2   7.    Since at least as early as 1999, FFIC has offered property, casualty, accident,

3   disability and worker's compensation insurance services for incidents arising outside of the United

4   States under the mark GLOBAL AMBASSADOR. The GLOBAL AMBASSADOR Controlled

5   Master Program offered by FFIC is an all lines package policy.

6   8.    FFIC has expended considerable effort offering quality insurance services under the

7   GLOBAL AMBASSADOR mark. As a result of these efforts, FFIC enjoys substantial goodwill

8   under and as a result of said mark.

9   9.    Consistent with its long use of the GLOBAL AMBASSADOR mark, FFIC is the

10  owner of U.S. Registration No. 2,868,186 for GLOBAL AMBASSADOR for "property, casualty,

11  accident, disability and workers' compensation insurance underwriting, claims and administration for

12  incidents arising outside of the United States."   FFIC applied to register the GLOBAL

13  AMBASSADOR mark with the United States Patent and Trademark Office on February 8, 1999, and

14  the registration issued on August 3, 2004. Said registration is valid and subsisting.

15  10.    The GLOBAL AMBASSADOR mark and the goodwill associated therewith are

16  valuable assets of FFIC.

17  **DEFENDANT AND ITS ACTIVITIES**

18  11.    On information and belief, in early 2007, AIG began offering insurance underwriting

19  services in the field of accident and health insurance for business travelers under the mark AIG

20  GLOBAL AMBASSADOR.

21  12.    The insurance services for business travelers which AIG offers under the mark AIG

22  GLOBAL AMBASSADOR include such services relating to incidents arising outside of the United

23  States.

24  13.    On April 16, 2007, AIG filed United States Trademark Application Serial No. 77-

25  157,729 seeking registration of the mark AIG GLOBAL AMBASSADOR for insurance underwriting

26  services in the field of accident and health insurance for business travelers. The Patent and

27  Trademark Office refused to register said mark on June 15, 2007. Among other grounds stated by the

28  Patent and Trademark Office for such refusal was the likelihood of confusion between AIG

1  GLOBAL AMBASSADOR for insurance underwriting services in the field of accident and health
2  insurance for business travelers and FFIC's mark GLOBAL AMBASSADOR for the services set
3  forth in U.S. Registration No. 2,868,186.

4      14.    Hence, on information and belief, at least as early as June of 2007, AIG knew of
5  FFIC's registration of the mark GLOBAL AMBASSADOR. Also, on information and belief, at least
6  as early as June of 2007, AIG knew that the Examining Attorney at the Patent and Trademark Office
7  had found that AIG's use of AIG GLOBAL AMBASSADOR, as applied for, was likely to cause
8  confusion with FFIC's use of GLOBAL AMBASSADOR for the services recited in U.S. Reg. No.
9  2,868,186.

10     15.    On December 11, 2007, AIG responded to the Patent and Trademark Office on the
11 issue of likelihood of confusion.  Notwithstanding AIG's arguments, on December 30, 2007, the
12 Examining Attorney maintained the Patent and Trademark Office's refusal to register AIG GLOBAL
13 AMBASSADOR based upon a likelihood of confusion with FFIC's GLOBAL AMBASSADOR
14 mark, the subject of U.S. Reg. No. 2,868,186.

15     16.    Hence, on information and belief, at least as early as January of 2008, AIG knew that,
16 despite AIG's arguments to the contrary, the Examining Attorney at the Patent and Trademark Office
17 maintained that a likelihood of confusion existed.

18     17.    In late February of 2008, AIG wrote to FFIC requesting FFIC's consent to use the
19 mark AIG GLOBAL AMBASSADOR.

20     18.    FFIC refused such consent, citing a likelihood of confusion between its GLOBAL
21 AMBASSADOR mark and AIG GLOBAL AMBASSADOR, but offered to consider the possibility
22 of a license contingent upon AIG's provision of certain information.  AIG responded by reiterating
23 its arguments, already found unpersuasive by the Examining Attorney at the Patent and Trademark
24 Office, disputing the existence of a likelihood of confusion.

25     19.    AIG has been told twice by the Examining Attorney at the Patent and Trademark
26 Office and once by FFIC that its use of AIG GLOBAL AMBASSADOR is likely to cause confusion.
27 AIG continues to use the mark AIG GLOBAL AMBASSADOR.

28     20.    The primary business of AIG is the offering of insurance services.

1    21.    A search for the mark GLOBAL AMBASSADOR and "insurance" on internet search
2    engines such as Google yields entries for AIG GLOBAL AMBASSADOR. Consumers searching for
3    insurance services under FFIC's GLOBAL AMBASSADOR mark are therefore led to the services
4    offered by AIG under the mark AIG GLOBAL AMBASSADOR.

5    22.    Despite receiving correspondence from FFIC objecting to AIG's use of AIG
6    GLOBAL AMBASSADOR, AIG filed a new use-based application on April 29, 2008, to register
7    said mark for "travel services, namely, 24-hour medical assistance, travel emergency services and
8    concierge services for business travelers" (the "New Application"). The New Application recites the
9    identical date of first use recited in AIG's prior application for AIG GLOBAL AMBASSADOR for
10   insurance underwriting services.

11   23.    The services actually offered by AIG under the mark AIG GLOBAL AMBASSADOR
12   are described on AIG's own website in June of 2008 as a "combination of highly flexible insurance
13   and VIP assistance." Notwithstanding the description of services set forth in the New Application,
14   the services offered by AIG under the mark AIG GLOBAL AMBASSADOR are, in part, insurance
15   underwriting services.

16   24.    Defendant's use of AIG GLOBAL AMBASSADOR in connection with insurance
17   services allows it unjustly to reap the benefit of the goodwill and public recognition in the GLOBAL
18   AMBASSADOR mark which FFIC has built up at great labor and expense. Such use also allows
19   AIG to gain consumer acceptance for its services based not solely on AIG's own merits, but also on
20   the reputation and goodwill of FFIC.

21   25.    Defendant's use of AIG GLOBAL AMBASSADOR constitutes an invasion of FFIC's
22   valuable property rights in the GLOBAL AMBASSADOR mark and its attendant goodwill. Such
23   use unjustly enriches Defendant.

24   26.    Defendant's use of AIG GLOBAL AMBASSADOR places the valuable reputation
25   and goodwill of FFIC in the hands of AIG, over which FFIC has absolutely no control.

26   27.    Upon information and belief, AIG was fully aware of FFIC's use of the GLOBAL
27   AMBASSADOR mark prior to AIG's adoption of AIG GLOBAL AMBASSADOR for its services.
28   Moreover, AIG has continued to use AIG GLOBAL AMBASSADOR in callous disregard of FFIC's

- 5 -

1 | rights after repeatedly receiving notice of such rights from the Patent and Trademark Office and from
2 | FFIC.

3 | 28.    AIG's above-mentioned activities are likely to cause confusion, or to cause mistake,
4 | or to deceive customers and potential customers of FFIC, at least as to affiliation, approval,
5 | sponsorship, or other connection.

6 | **FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
7 | **(15 U.S.C. § 1114)**

8 | 29.    FFIC re-alleges paragraphs 1- 28 hereof as if fully set forth herein.

9 | 30.    AIG's acts complained of above constitute trademark infringement in violation of 15
10 | U.S.C. § 1114(1).

11 | 31.    Upon information and belief, AIG's acts complained of above are willful and
12 | deliberate.

13 | 32.    AIG's acts of infringement have caused and, unless restrained by this Court, will
14 | continue to cause FFIC and the consuming public irreparable harm. FFIC has no adequate remedy at
15 | law for AIG's infringement.

16 | **SECOND CAUSE OF ACTION**
**FEDERAL UNFAIR COMPETITION**
17 | **(15 U.S.C. § 1125(a))**

18 | 33.    FFIC re-alleges paragraphs 1- 32 hereof as if fully set forth herein.

19 | 34.    AIG's acts complained of above constitute unfair competition in violation of 15
20 | U.S.C. § 1125(a).

21 | 35.    Upon information and belief, AIG's acts complained of above are willful and
22 | deliberate.

23 | 36.    AIG's acts of unfair competition have caused and, unless restrained by this Court, will
24 | continue to cause FFIC and the consuming public irreparable harm.  FFIC has no adequate remedy at
25 | law for AIG's unfair competition.

26 | **THIRD CAUSE OF ACTION**
**COMMON LAW PASSING OFF**
27 | **AND UNFAIR COMPETITION**

28 | 37.    FFIC re-alleges paragraphs 1- 36 hereof as if fully set forth herein.

- 6 -

38.    AIG's unauthorized use of AIG GLOBAL AMBASSADOR constitutes passing off and unfair competition of FFIC's GLOBAL AMBASSADOR mark in violation of the common law of California.

39.    AIG's wrongful acts have caused and will continue to cause FFIC irreparable harm. FFIC has no adequate remedy at law.

40.    FFIC is entitled to a judgment enjoining and restraining AIG from engaging in further acts of infringement and unfair competition.

**FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(CAL. BUS & PROF. CODE § 17200)**

41.    FFIC re-alleges paragraphs 1- 40 hereof as if fully set forth herein.

42.    AIG's acts complained of above constitute unfair competition in violation of California Business and Professional Code § 17200 et seq., as they are likely to deceive the public.

43.    AIG's acts of unfair competition have caused and, unless restrained by this Court, will continue to cause FFIC and the consuming public irreparable harm. FFIC has no adequate remedy at law for AIG's unfair competition.

44.    FFIC is entitled to a judgment enjoining and restraining AIG from engaging in further unfair competition.

WHEREFORE, Plaintiff prays:

(a)    That Defendant, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be preliminarily and permanently enjoined and restrained from using in connection with the promotion, advertising, offering, or rendering of insurance services, travel services, or any related services the terms GLOBAL AMBASSADOR as a mark or as part of a mark, or any name or mark confusingly similar to Plaintiff's GLOBAL AMBASSADOR mark;

(b)    That Defendant, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be required to deliver to the Court for destruction, or to show proof of said destruction, of any and all displays, signs, circulars, promotional materials, advertisements, and other materials in Defendant's possession, custody,

1 | or control which bear or depict the terms GLOBAL AMBASSADOR as a mark or as part of a mark, or

2 | any mark or name confusingly similar to Plaintiff's GLOBAL AMBASSADOR mark, as well as all

3 | plates, molds, casts, software, and other means of reproducing, counterfeiting, copying, or otherwise

4 | imitating the GLOBAL AMBASSADOR mark or any mark confusingly similar thereto in association

5 | with the offering of any goods or services;

6 |       (c)      That Defendant be ordered to file with this Court and to serve upon Plaintiff,

7 | within thirty days after the entry of an injunction, a report in writing and under oath setting forth in detail

8 | the manner in which Defendant has complied with this injunction;

9 |       (d)      That, pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded its damages,

10 | including an award of an amount sufficient to allow Plaintiff to conduct corrective advertising to

11 | mitigate the harm caused by Defendant, and that the award of those damages be increased three times;

12 |       (e)      That, pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded an accounting of

13 | Defendant's profits, if any, and that the award of those profits be increased at least three times;

14 |       (f)      That, pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded its reasonable

15 | attorney fees; and

16 |       (g)      That Plaintiff be awarded such other and further relief as the Court may deem

17 | appropriate pursuant to the facts and the principles of equity.

18 |

19 | Dated: July 3, 2008                 HARVEY SISKIND LLP

20 |                                 D. PETER HARVEY<br>MATTHEW A. STRATTON

21 |

22 |                                 WONG, CABELLO, LUTSCH,<br>RUTHERFORD & BRUCCULERI, L.L.P

23 |                                 WILLIAM D. RAMAN<br>JOHN CAIN

24 |

25 |                                 By: _____<br>                                       D. Peter Harvey

26 |

27 |                                 Attorneys for Plaintiff<br>FIREMAN'S FUND

28 |                                 INSURANCE COMPANY

- 8 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, Allianz Global Risks

3    US Insurance Co. and Allianz of America Corporation have an interest in Plaintiff, specifically, the

4    former is Plaintiff's parent entity, and the latter is the parent entity of Allianz Global Risks US

5    Insurance Company.

6

7    Dated:  July 3, 2008                                    HARVEY SISKIND LLP
                                                             D. PETER HARVEY
8                                                            MATTHEW A. STRATTON

9                                                            WONG, CABELLO, LUTSCH,
                                                             RUTHERFORD & BRUCCULERI, L.L.P
10                                                           WILLIAM D. RAMAN
11                                                           JOHN CAIN

12

13                                                  By: _____
                                                             D. Peter Harvey
14

15                                                  Attorneys for Plaintiff
                                                    FIREMAN'S FUND
16                                                  INSURANCE COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION